PER CURIAM.
In this case, the Court previously adopted rule and form amendments intended to minimize the amount of unnecessary personal information included in documents filed with the courts. See In re Implementation of Comm. on Privacy & Court Records Recommendations, 78 So.3d 1045 (Fla.2011). Because the amendments to the Florida Supreme Court Approved Family Law Forms were not published for comment prior to their adoption, interested persons were given sixty days from the date of the opinion to “file comments with the Court addressing only the amendments to the approved forms.” In re Implementation of Comm. on Privacy & Court Records Recommendations, - So.3d -, -, 2011 WL 2566360 (Fla.2011), revised, 78 So.3d 1045, 2011 WL 5829543 (Fla.2011). Two comments were filed. One comment addresses an approved form that was amended. The other addresses rule amendments and an approved form that was not amended. We address "only the comment on the amended form, which was filed by Judge Renee Goldenberg of the Seventeenth Judicial Circuit. Judge Goldenberg urges that the instructions for Form 12.932 (Certificate of Compliance with Mandatory Disclosure) be amended to provide better notice to self-represented litigants of the limitations on filing personal information unless it is absolutely essential. We agree.
After considering the comments, we further amend Florida Supreme Court Approved Family Law Form 12.932 (Certificate of Compliance with Mandatory Disclosure) and the instructions for that form.[1] We add the following caveats to Form 12.932 and the instructions for that form, respectively:
*319 ONLY THE ORIGINAL OF THIS COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED BELOW ARE TO BE GIVEN TO THE OTHER PARTY.
ONLY THE ORIGINAL OF THE COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED ON THE FORM ARE TO BE GIVEN TO THE OTHER PARTY.
Including these caveats is consistent with the inclusion of similar caveats in other family law forms and instructions. See, e.g., Fla. Fam. L.R.P. Form 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings); Fla. Fam. L.R.P. Form 12.930(c) (Standard Family Law Interrogatories for Modification Proceedings); Fla. Fam. L.R.P. Form 12.930(d) (Notice of Service of Answers to Standard Family Law Interrogatories).
Accordingly, we amend Florida Supreme Court Approved Family Law Form 12.932 and its instructions, as set forth in the appendix to this opinion, fully engrossed for immediate use. Also included in the appendix, fully engrossed for immediate use, is a corrected version of the Child Support Guidelines Chart contained in the Instructions for Florida Family Law Rules of Procedure Form 12.902(e) (Child Support Guidelines Worksheet). The forms also can be accessed and downloaded from this Court’s website at www.flcourts.org/ gen_public/family/forms_rules/index.shtml. By amending the forms, we express no opinion as to their correctness or applicability. The amendments shall be effective immediately upon the release of this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET (01/12)
When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party’s income, this form must be completed after the other party flies his or her financial affidavit, and serves a copy on you.
This form should be typed or printed in black ink. You should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Repre *320 sented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.30, Florida Statutes.
Special notes ...
If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:
If payment is twice per month Payment amount x 2 Monthly amount
If payment is every two weeks Payment amount x 26 = Yearly amount due
Yearly amount + 12 = Monthly amount
Yearly amount due If payment is weekly Weekly amount I! 03 tO X
Monthly amount Yearly amount II 03 T-l -I-
If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you nil out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
CHILD SUPPORT GUIDELINES CHART
[[Image here]]
*321 [[Image here]]
*322 [[Image here]]
*323 [[Image here]]
*324 [[Image here]]
[[Image here]]
NOTICE OF FILING CHILD SUPPORT GUIDELINES WORKSHEET
[[Image here]]
*325 [[Image here]]
*326 [[Image here]]
*327 [[Image here]]
*328 [[Image here]]
*329 [[Image here]]
*330 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE (01/12)
When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. ONLY THE ORIGINAL OF THE COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED ON THE FORM ARE TO BE GIVEN TO THE OTHER PARTY. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary relief on or before 5:00 p.m., 2 business days before the hearing on temporary relief, or mail (postmark) them to the other party seeking temporary relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.
What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the *331 clerk any of the documents listed in the certificate of compliance other than the financial affidavit and child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*332 [[Image here]]
*333 a. _finanoal Affidavit
( ) Florida Family Law Rules of Procedure Form 32.902(b) (short farm)
( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form)
b _( ) All personal (1M0) federal and stale Income tax returns, gift tax returns, and intangible personal property tax returns for the preceding 3 years;
( ) IRS forms W-2, 1099, and K 1 for the past year because the income tax return for the past year has not been prepared
c. _Pay stubs or other evidence of earned income for the 3 months before the service of the fmanrlal affidavit.
d. _A statement Identifying the source and amount of all income for the 3 months before the service of the financial affidavit, if not reflected on the pay stubs produced
e _All loan applications and financial statements prepared for any purpose or used for any purpose within the 12 months preceding the service of the financial affidavit
f. _All deeds to real estatr In which I presently own or owned an interest within the past J years. All promissory notes In which I presently own or owned an interest within the last 12 months. All present leases in which l own an interest.
g _All periodic statements for the last 3 months for ail checking accounts and for the last year for all savings accounts, money market funds, certificates of deposit, etc.
h__ AJI brokerage account statements for the last 12 months.
i. _Most recent statement for any pension, profit sharing, deferred compensation, or retirement plan (for example, IRA. 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for any such plan in which I am a participant or alternate payee
|. _The declaration page, the last periodic statement, and the certificate for any group insurance for all life insurance policies Insuring my life or the life of me or my spouse.
k. _All health and dental insurance cards covering either me or my spouse and/or our dependent child(ren).
l. _ Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an ownershio or interest greater than or equal to 3094.
rn. _ All credit card and charge account statements and other records showing my (our) indebtedness as of the date of the filing of this action and for the prior 3 months. A/I promissory notes on which I presently owe or owned within the past year All lease agreements I presently owe.
n. _All premarital and marital agreements between the parties to this case.
o._It a modification proceeding, all wrtten agreements entered into between the parties at any time since the order to be modified was entered.
p._All documents and tangible evidence relating to claims for an unequal distribution of marital property, enhancement or appreciation in nonmarital property, or nonmarital status of an asset or debt.
q _Any court order directing that l pay or receive spousal support (alimony) or child support.
I certify that a copy of this document was |Check one only) ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date)_.
Florida Fdmily Law Rules of Procedure Form 12.932. Certificate of Compliance with Mandatory Disclosure (01/12)
*334 I understand that I am swearing or affirming under oath to the accuracy of my compliance with the mandatory disclosure requirements of Fla. Fam. L R. P. 12.285 and that, unless otherwise Indicated with specificity, this disclosure Is complete. I further understand that the punishment for knowingly making a false statement or Incomplete disclosure includes Tines and/or imprisonment.
[[Image here]]
Florida Family Law Rules of Procedure Form 12 ')32, Certificate ot Compliance with Mandatory Disclosure (01/12)

. We have jurisdiction. See art. V, § 2(a), Fla. Const.